IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, <br><br>          Plaintiffs, <br><br>     v. <br><br> MYLAN TECHNOLOGIES, INC., <br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 19-cv-128-CR |

**MOTION FOR EXTENSION OF TIME PURSUANT TO FRAP 4(a)(5), OR IN THE ALTERNATIVE TO RECOGNIZE PRIOR FILING AS NOTICE OF APPEAL**

Judgment was entered in this case on June 8, 2021, pursuant to an agreement and stipulation by the parties to be bound by the decision in *UCB, Inc. et. al. v. Actavis Laboratories UT, Inc.*, Civ. No. 1-19-cv-00474 (District of Delaware) (the "Delaware Action"), wherein the parties preserved their rights to appeal.  Doc. 138.  Pursuant to Fed. R. App. P. (4)(a)(1), the deadline to file a Notice of Appeal expired 30 days after the entry of judgment, or July 8, 2021.  Plaintiffs, however, failed to formally file a Notice of Appeal in this action by this date because counsel mistakenly neglected to docket the judgment that would have generated a calendar reminder for the notice.  For the reasons set forth herein and in the attached Declarations of James Trainor and Matthew Campion, Plaintiffs now move the court for an extension of time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5) or in the alternative for a ruling that the notice of appeal requirements were timely met either by the notice of appeal in the Delaware Action or because the functional equivalent was filed here.  Plaintiffs' counsel conferred with Mylan's counsel prior to filing this motion; Mylan has not yet posited whether it consents to or opposes this motion.

1

**MEMORANDUM IN SUPPORT OF MOTION
FOR EXTENSION OF TIME PURSUANT TO FRAP4(a)(5)**

Pursuant to Fed. R. App. P. 4(a)(5), a district court may extend the time to file a Notice of Appeal if: (i) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires;" and (ii) "that party shows excusable neglect or good cause."  Here, the Court should grant Plaintiffs' motion to extend the time to file a Notice of Appeal because: (1) Plaintiffs have filed the instant motion one (1) day after the filing deadline as prescribed in Rule 4(a); (2) there is no prejudice to Defendants; and (3) Plaintiffs' failure to file the Notice of Appeal was the result of "excusable neglect."  This determination is within the district court's discretion and may be overturned only for abuse of discretion.  *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004).

In the alternative, because the judgment being appealed from is, in reality, the judgment in *UCB, Inc. et. al. v. Actavis Laboratories UT, Inc.*, Civ. No. 1-19-cv-00474 (District of Delaware) (the "Delaware Action"), which Plaintiff timely filed a notice of appeal of on May 3, 2021—before this Court's June judgment incorporating the Delaware Action judgment—that notice should operate as a notice of appeal here under Fed. R. App. P. 4(a)(2).  Further, because multiple submissions by the parties, including the stipulation and judgment that the Court entered on June 8, 2021 (Doc. 138) satisfy the requirements of Fed. R. App. P. 3, Plaintiffs have at least constructively satisfied the requirement for filing a timely notice of appeal of that judgment, in a manner recognized by the Supreme Court and Second Circuit.

**All Four Factors Evaluated for Excusable Neglect Favor Granting this Motion**

In determining the question of excusable neglect, the Supreme Court has instructed courts to consider four factors: "[1] the danger of prejudice to the nonmoving party, [2] the length of delay and its potential impact on judicial proceedings, [3] the

reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the moving party's conduct was in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*., 507 U.S. 380 (1993). The Supreme Court explained that the determination of whether any neglect is excusable "is at bottom an equitable one, taking into account all of the relevant circumstances surrounding a parties' omission." *Id.* at 395; *see also Williams*, 391 F.3d at 415 (observing that the Supreme Court test in *Pioneer* was a liberal test).

Here, all four *Pioneer* factors favor granting Plaintiff's motion to extend time to file a Notice of Appeal. First, there is no danger of prejudice to the Defendant, given that the parties agreed to, and the Court endorsed, entering the judgment from a related case, for which Plaintiffs had already filed a Notice of Appeal. *See* Doc. 138 at 2. Moreover, the parties specifically noted there would be an appeal of the same judgment from the Delaware Action on the same record for which a Notice of Appeal had already been filed. *See id.; see also* Doc. 125, 126, 128-0, 128-1 at 2, 128-2 at 2, Declaration of James S. Trainor ("Trainor Decl.") Ex. 2 at 4:12-25 (Mylan's counsel acknowledging that appeal would be consolidated or stayed in light of Delaware Action Appeal); *see id.* at 6:11-25 (Plaintiffs' counsel and Court acknowledging that consolidated appeal would follow). Further, Plaintiffs' opening brief in the appeal of the Delaware Action is not due for nearly a month; as such, Mylan has plenty of time to evaluate, e.g., whether to seek to stay its own appeal or to seek its consolidation with the appeal from the Delaware court. Thus, the Defendant will not be prejudiced if the Court grants the motion to extend time as the nature of appeal envisioned here was negotiated between the parties and presented to the Court as part of the rather unusual resolution of this action, discussed in more detail below.

Second, the length of the delay and potential impact on judicial proceedings is minimal. Plaintiffs are filing a Notice of Appeal concurrently with this motion. Given that Plaintiffs have filed the instant motion one (1) day after the deadline to file a Notice of Appeal, any incidental

3

delay will not affect judicial proceedings. *See, e.g.*, *Roberts v. Roberts*, No. 2:18-cv-00091, 2019 U.S. Dist. LEXIS 59465, *12-13 (D. Vt. Mar. 26, 2019) (finding untimely appeal was caused by excusable neglect and granting one-day extension of time even without a motion because there was "'no danger of prejudice to the [non-movant],' the amount of delay was minimal, and Appellant acted in good faith"); *see also Williams*, 391 F.3d at 415-416 (affirming grant of extension of time to file notice of appeal that was not filed until three weeks after the deadline passed). Further, as noted above, Mylan still will have ample time to seek to consolidate its appeal with the appeal of the Delaware Action, or seek to stay its appeal pending resolution of the appeal of the Delaware Action. Thus, both the very short length of the delay of one day and the lack of effect on any judicial proceedings favors finding excusable neglect.

Third, the reason for the delay—mistake on the part of Plaintiffs' counsel—has been found to support a finding of excusable neglect in similar cases. *See, e.g.*, *Williams*, 391 F.3d at 415-416. The Supreme Court in *Pioneer* adopted a liberal test for determining "excusable neglect," specifically rejected "a rigid barrier against late filings attributable in any degree to the movant's negligence," and noted that the word neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer*, 507 U.S. at 388, 395 n.14. The circumstances leading up to the rather unusual form of judgment in this case are important in assessing the excusable neglect in this case.

On February 19, 2021, this Court approved and ordered the parties' joint stipulation to extend post-trial and trial dates based on the impending decision in the Delaware Action, with the understanding that the parties would update the Court as soon as judgment in that action was entered. Doc. 120. On April 22, 2021, the parties gave notice that a final decision had been rendered in the Delaware Action concluding that the asserted claims of the '589 Patent are invalid. Doc. 124. The parties then informed the Court that they were conferring on a resolution to this

still-pending action in light of the Delaware Action. Doc. 126. On May 14, 2021, after conferring several times in an effort to come to a resolution that was acceptable to both parties, Plaintiffs and Defendant filed a Joint Stipulation and Proposed Order to Stay. Doc. 128. The stipulation provided that the parties would agree to stay the instant matter pending the outcome of Plaintiffs' appeal in the Delaware Action and agree to be bound by the decision of the Federal Circuit in that matter. *Id.*

On June 2, 2021, this Court held a status conference and denied the parties' request for a stay and ordered parties to reach a resolution or proceed to trial as scheduled on July 19, 2021. The parties continued to confer and on June 7, 2021 presented the Court with a revised proposal for adopting the final judgment *and* trial record in the Delaware Action, and dismissing the remaining patent-in-suit.  Doc. 133. During this status conference, Mylan's counsel acknowledged that an appeal would follow and offered that the parties would either consolidate the appeal or stay the appeal pending the outcome of the Delaware Action. Trainor Decl. Ex. 2 at 4:12-25. Plaintiffs' counsel also stated that the purpose of the proposed judgment for the appeal to be taken in step with the pending Delaware Action appeal, and the Court noted that the stipulation could be characterized as a stipulation to judgment and consolidated appeal based on its understanding of the intent of the parties. *Id* at  5:24-6:21.  The parties submitted a joint proposal consistent with this understanding on June 8, 2021, which the Court approved and entered on the same day. Docs. 137-138. Due to the changing nature of the proposed resolution in this case and the atypical form of the final stipulation and judgment, Plaintiffs' non-attorney paralegal in charge of the docketing of these matters misunderstood the nature of the final judgment as a stipulation that required no further docketing.  *See* Declaration of Matthew Campion ("Campion Decl.") ¶¶ 6-8. As explained in the Trainor Declaration, Plaintiffs' counsel and paralegal have worked together for many years without any such incident. *See* Trainor Decl.

¶ 2; Campion Decl. ¶ 5. Further, it is Plaintiffs' counsel's practice to rely on the docketing calendar maintained by its paralegals to provide reminders of upcoming deadlines. *See* Trainor Decl. ¶ 6. In doing so, and in light of the paralegal's misunderstanding of the nature of the final judgment and stipulation entered in this action, Plaintiffs' counsel did not receive reminders of the deadline for filing a notice of appeal in this case and inadvertently missed the filing deadline by one day. *See* Trainor Decl. ¶ 6; Campion Decl. ¶¶ 7-8.

Finally, nothing here suggests that Plaintiffs have acted in bad faith. Rather, Plaintiffs' attorney, relying on internal systems for docketing, missed the filing deadline for the Notice of Appeal. Moreover the fact that, immediately upon realizing that the deadline had not been docketed, Plaintiffs' counsel contacted opposing counsel and filed the instant motion, and the Notice of Appeal, one day after the deadline to file a Notice of Appeal demonstrates that Plaintiffs are acting in good faith. As an appeal of the *same* judgment entered on the *same* record adopted in this action has already been docketed, and as Defendant has been on notice at least since May 3, 2021 that the appeal of the Delaware Action was noticed, there is no evidence of a lack of good faith.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to extend time to file a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(5).

### Plaintiffs Have Timely Filed a Notice of Appeal Either by Incorporation of the Timely Notice Filed for the Delaware Action or by Satisfying FRAP 3 in this Case

In the alternative (and further supporting that neglect in this case is uniquely "excusable"), the requirements for a notice of appeal were timely met because the Court incorporated and adopted that same judgment in the Delaware Action and Plaintiffs had already filed a timely notice of appeal of the judgment in that case. *See* Campion Decl., Exhibit A (showing Delaware Action, Docket Entry 200 (Notice of Appeal on May 3, 2021). In these unusual circumstances, the

stipulated judgment itself refers to the appeal of the incorporated judgment.  Doc. 138 at 2 ("Plaintiffs appealed the judgment in the Delaware Action").  Thus, when the Court entered the order and judgment in this case on June 8, 2021, incorporating the judgment from the Delaware Action, Plaintiffs had already filed a notice of appeal of that judgment and Mylan was plainly on notice of it, both through the filing of the Notice of Appeal in the Delaware Action and the stipulation in this case, which itself provides notice of the appeal.  That is, an earlier filed notice should be effective in this case as of when the Court adopted the same judgment here on June 8, 2021.  *See* F.R.A.P. 4(a)(2); *cf. King v. W.W. Grainger, Inc.*, No. 2:11-cv-00016-SA-JMV, 2012 WL 777310, at *1 (N.D. Miss. Mar. 8, 2012) (treating notice of appeal filed after Report and Recommendation "as filed on the date of entry of this Final Judgment since the court has adopted the subject Report and Recommendation.").

Moreover, the Second Circuit has recognized an appeal as timely filed even though a formal notice of appeal was not filed when correspondence otherwise satisfied the requirements of Fed. R. App. P. 3.  *See Haugen v. Nassau County Dept. of Social Servs.*, 171 F.3d 136, 138 (2d Cir. 1999) (holding that Appellant's appeal was timely even without a formal notice of appeal where it sent a letter that met nominally the requirements of Fed. R. App. P. 3, even with some defects in the naming of the parties).  As the Second Circuit noted, "As a general matter, a notice of appeal (1) "must specify the party or parties taking the appeal," (2) "must designate the judgment, order, or part thereof appealed from," and (3) "must name the court to which the appeal is taken.  *Id.*; *see also id.* (quoting *Smith v. Barry*, 502 U.S. 244, 248, (1993) ("[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent is otherwise clear from the notice . . . ***Indeed the court may honor any document that serves the 'functional equivalent' of a notice of appeal***."  (emphasis added)).  Here the parties' stipulation and judgment that the Court entered likewise satisfies Fed. R. App. P .3 and

7

would be effective as of June 8, 2021, when the judgment was entered. Doc. 138. It identifies the parties appealing (Plaintiffs), the judgment or order appealed from (the judgment in the Delaware Action forming the basis of the judgment here) and, by reference to the Notice of Appeal in Delaware which specified the Federal Circuit, Defendant had notice of all the requirements of Fed. R. App. P. 3. Doc. 138 at 2; Delaware Action Doc. 200 (Notice of Appeal to the Federal Circuit). Further, where, as here, there is only one court to which an appeal may be taken (the Federal Circuit for patent cases), Mylan also had notice of the court to which an appeal was taken, even if was not expressly included in the notice. *See e.g.*, *Barrett v. United States*, 105 F.3d 793, 795-796 (2d. Cir. 1996); *see also McLemore v. Landry*, 898 F.2d 996, 999–1000 (5th Cir. 1990).

For the foregoing reasons, Plaintiffs respectfully submit that they have satisfied the requirements sufficient for the Court to recognize and rule that a timely notice of appeal has been made in this case.

| | |
|---|---|
| Dated: July 9, 2021 | By: */s/Ritchie E. Berger*<br>Ritchie E. Berger<br>Kendall A. Hoechst<br>Dinse P.C.<br>209 Battery Street, P.O. Box 988<br>Burlington, VT 05401<br>(802) 864-5751<br>rberger@dinse.com<br>khoechst@dinse.com<br><br>James S. Trainor, Jr.<br>Kevin X. McGann<br>Catherine H. McCord<br>Silvia M. Medina<br>FENWICK & WEST LLP<br>902 Broadway, Suite 14<br>New York, NY 10010<br>(212) 430-2600<br><br>Jack B. Blumenfeld<br>Derek J. Fahnestock |

Anthony D. Raucci
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

*Counsel for Plaintiffs*
*UCB, INC., UCB PHARMA GMBH, and LTS*
*LOHMANN THERAPIE-SYSTEME AG*

APPROVED AND SO ORDERED

Dated at Burlington in the District of Vermont this ___ day of _____, 2021

                                                                                                                                           _____
                                                                                                                                           Christina Reiss, Judge
                                                                                                                                           United States District Court
                                                                                                                                           District of Vermont