IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UCB, INC., UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 19-cv-128-CR |
| v. | ) | |
| | ) | |
| MYLAN TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DECLARATION OF JAMES S. TRAINOR</u>**

I, James S. Trainor, declare as follows, pursuant to 28 U.S.C. § 1746:

1.       I am an attorney admitted *pro hac vice* in this action and am a partner in the New York office of the law firm of Fenwick & West LLP, and lead counsel for Plaintiffs UCB, Inc., UCB Pharma GMBH, and LTS Lohmann Therapie-Systeme AG ("UCB"), in this action.  I submit this declaration in support of Plaintiffs' Motion for Extension of Time Pursuant to FRAP 4(a)(5), or in the Alternative to Recognize Prior Filing as Notice of Appeal.  I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2.       I have reviewed the Declaration of Matthew Campion.  I can confirm that we have worked together for about fifteen years at both Fenwick & West and at my prior firm, and he is a trusted colleague.  I can also confirm that during this time period, we have used the procedure he detailed for internally recording court-related deadlines.  During my time in practice as an attorney, which dates back to 2000, I am not aware of our team having ever missed a court-related deadline.

3.       UCB is engaged in a litigation against defendant Actavis Laboratories UT, Inc in the District Court of Delaware concerning U.S. Patent No. 10,130,589 ("'589 Patent"), one of the same patents at-issue in this litigation. *See UCB, Inc. et. al. v. Actavis Laboratories UT, Inc.*, Civ. No. 1-19-cv-00474 (District of Delaware) (the "Delaware Action").  Following the entry of final judgment in that matter, UCB filed its Notice of Appeal.  *See* **Campion Decl. Ex. A** (with docket entry 200 (Notice of Appeal to the Federal Circuit).  The appeal of the Delaware Action to the Federal Circuit is currently pending.

4.       Given the overlap in subject matter in this case and the Delaware Action and the subject of the final judgment in the Delaware Action, my colleagues of record (and I, personally) on behalf of Plaintiffs, and counsel for Defendant Mylan Technologies, Inc. began conferring as

to how best to proceed in this case.  *See, e.g.,* Doc. 124 (requesting time to meet and confer regarding an appropriate judgment or other submission to the Court); Doc. 125 (same); Doc. 126 (same); Doc. 140 (Transcript of Status Conference from June 2, 2021 concerning parties' proposed stay and previous discussions); Doc. 141 at 4-8 (Transcript of Status Conference from June 7, 2021 concerning Proposed Judgment and Stipulated Order of Dismissal).  A true and correct copy of the Transcript of the Status Conference from June 2, 2021 (Doc. 140) is attached as **Trainor Decl. Ex. 1**.  A true and correct copy of the Transcript of the Status Conference from June 7, 2021 (Doc. 141) is attached as **Trainor Decl. Ex. 2**.

5.     After many discussions together and with the Court, on June 8, 2021, the parties filed a Proposed Judgment and Stipulated Order of Dismissal (Doc. 137) that the Court then entered (Doc. 138). The Judgment and Stipulated Order notes that UCB appealed the Delaware Action, and it was my understanding and intention, on behalf of Plaintiffs, that it would reflect the mutual understanding of all parties that Plaintiffs intended to appeal the judgment entered by this Court, particularly in that the parties proposed, and the Court subsequently Ordered, that the Court would adopt the final judgment and trial record in the Delaware Action.

6.     Following the Court's entry of the Proposed Judgment and Stipulated Order of Dismissal, I did not receive any docketing alert regarding the deadline to file a Notice of Appeal. My team and I rely on these docketing alerts to ensure that deadlines are met.  My understanding is that my colleague and partner, Kevin McGann, happened to think of the timing to file a Notice of Appeal in this matter this morning, which led us to realize that thirty days from the Court's entry of judgment was yesterday, July 8, 2021.  He alerted the team, including myself, to that issue this morning.

7.     I conferred with Deepro Mukerjee, lead counsel for Mylan, by phone this morning and informed him of Plaintiffs' intent to file this motion for which my Declaration here is offered

in support; my understanding from that discussion was that Mylan (understandably) was not in a position to immediately consent or object to its filing on such short notice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on July 9, 2021, in Newark, New Jersey.


*/s/James S. Trainor*
James S. Trainor

# Exhibit 1

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF VERMONT

UCB, INC., UCB PHARMA GMBH, and      )      CIVIL ACTION NO.
LTS LOHMANN THERAPIE-SYSTEME AG,     )      2:19-cv-128
             Plaintiffs,             )
                                     )
        vs.                          )
                                     )
MYLAN TECHNOLOGIES, INC.,            )
             Defendant.              )
```

STATUS CONFERENCE
Wednesday, June 2, 2021
Burlington, Vermont

BEFORE:

THE HONORABLE CHRISTINA C. REISS,
District Judge

APPEARANCES (VIA VIDEOCONFERENCE):

JAMES TRAINOR, ESQ., and SILVIA M. MEDINA, ESQ., Fenwick & West
LLP, 902 Broadway, Suite 14, New York, NY 10010-6035,
Counsel for the Plaintiffs

RITCHIE E. BERGER, ESQ., Dinse P.C., 209 Battery Street, P. O.
Box 988, Burlington, VT 05402-0988, Counsel for the
Plaintiffs

(Continued)

Johanna Massé, RMR, CRR
Official Court Reporter
P. O. Box 5852
Burlington, VT 05402
802-951-8102 | 802transcripts@gmail.com

```
 1  APPEARANCES (VIA VIDEOCONFERENCE) (CONTINUED):

 2  LANCE A. SODERSTROM, ESQ., Katten Muchin Rosenman LLP, 575
         Madison Avenue, New York, NY 10022-2585, Counsel for the
 3       Defendant

 4  MICHAEL F. HANLEY, ESQ., Plante & Hanley, P.C., 82 Fogg Farm
         Road, P. O. Box 368, White River Junction, VT 05001-0368,
 5       Counsel for the Defendant

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  Wednesday, June 2, 2021

2        (The following was held via videoconference at 2:31 PM.)

3             COURTROOM DEPUTY:  Your Honor, the matter before the

4  Court is civil case number 19-CV-128, UCB, Incorporated, *et al.*

5  vs. Mylan Technologies, Inc.  Present for the plaintiff via

6  video are James Trainor, Ritchie Berger, and Silvia Medina;

7  present via video for the defendant are Lance Soderstrom and

8  Michael Hanley; and we are here for a status conference.  Thank

9  you.

10             THE COURT:  Good afternoon.  I have read through your

11  joint stipulation order to stay litigation pending appeal, and

12  I had my judicial assistant do some markups.  There's some

13  typos and that kind of thing, but more importantly, I didn't

14  really see anything that I could construe as a waiver of

15  appellate rights.  And then there was kind of what happens if

16  it's a remand and you're going to come back to the Court and

17  address this?

18       So I was told to postpone our trial because the Delaware

19  decision was going to take care of the matter, and that seemed

20  like an efficient use of resources.  Now I'm hearing that we

21  should stay it again and wait for another appeal, and I don't

22  know why we shouldn't have this dismissed without prejudice to

23  renew as opposed to having it on our docket.

24       So I don't really feel like it's been a bait and switch,

25  but the only reason why I canceled the trial dates that we set

1   and are difficult to come by was because there was a joint

2   representation that if the Court waited, this matter would go

3   away by virtue of your agreement with the Delaware decision,

4   which I have read.

5          So -- and even if that's not the agreement, I'd like to

6   hear some kind of timeline or why the Court shouldn't act,

7   especially since there's no real plan if it's a remand.

8          So let's start with the plaintiffs.

9          MR. TRAINOR:  Thank you, your Honor.  Good afternoon.

10  This is James Trainor on behalf of the plaintiffs.

11         Two questions there.  Let me take the second one first.  I

12  think what we were trying to do with regard to the remand

13  was -- was simply to account for that possibility as opposed to

14  an affirmance or a reversal, and I think the parties are in

15  agreement that in that situation, if it were remanded for

16  further proceedings, then the outcome of those further

17  proceedings would also govern, just like the appeal would.

18         THE COURT:  But then I would be staying your case for

19  years, correct?

20         MR. TRAINOR:  I suppose potentially, yes, your Honor.

21  Certainly we don't -- hope that that's not the case.

22         And to answer your other question with regard to waiver

23  of -- well, sorry.  You asked about why not a dismissal.  I

24  know that with the cooperation of Mylan's counsel, we

25  definitely brainstormed a bit about how to do this to serve

1  both parties' interests, and I think Mylan's kind of in

2  particular.  One thing that I could point out is the parties

3  are still hopeful, in fact were planning to set up a meeting,

4  including clients, to settle the matter, so if the case was

5  dismissed, there really wouldn't be consideration for

6  settlement.  That's one thing I can think of in terms of why

7  not dismiss.

8       Your point is well taken, your Honor, and it's not our

9  intention to clog up your docket or, you know, mess with the

10 size of it.  We're just trying to think outside of the box of

11 what would be best in the interest of judicial efficiency

12 knowing that the parties sort of agreed to be bound by the

13 outcome there.

14      As far as the waiver goes, I think I see your point.  I

15 mean, as far as we're concerned, the plaintiffs, our intention

16 is that the parties would be waiving any right to appeal the

17 final judgment in this case, whether it's entered as Exhibit A,

18 B, or otherwise.  I don't want to speak for Mylan about that if

19 that's a change that we need to make to the proposed

20 stipulation to make that clear, because in the order it does

21 say "non-appealable judgment."  I think that was the intention.

22 If you'd like us to expressly say that we would waive any right

23 to appeal, certainly that was the plaintiff's understanding of

24 how it would work.

25           THE COURT:  All right.  I don't see anything that I

1  could find in your stipulation is a waiver of an appeal.  I

2  mean, for us that's a fairly big deal, and --

3          MR. TRAINOR:  Yes.

4          THE COURT:  Yeah.

5          MR. TRAINOR:  I think we intended to try to address

6  that in the final point of each of the proposed alternate

7  consent judgments where it says the "judgment constitutes a

8  final, non-appealable judgment."  But if it pleases your Honor,

9  we can express in the stipulation itself that the parties agree

10 to waive any appeal from ultimate judgment in this case.

11 Again, I don't want to speak for Mylan, but I think that's our

12 mutual understanding.

13         THE COURT:  All right.  One thing I want you to

14 consider is that I may just keep this on the trial calendar,

15 because the representation was the Delaware case was going to

16 take care of it.  It's not taking care of it, and that's fine.

17 And I read it, so -- and I understood it, and that's your

18 decision, which is fine, but I still need to do my job.

19      Let me turn to defendant.

20         MR. SODERSTROM:  Yup.  Thank you, your Honor.  And as

21 my colleague, James, noted, we did try to come up with a

22 stipulation and order that sort of accounted for these

23 different situations.  As you can imagine from our perspective,

24 we could have gone through the process of, you know, motion

25 practice and things of that nature to end up, in our opinion,

1 effectively where we've ended up right now where the parties

2 have agreed that the Federal Circuit, whether there's an

3 affirmance or a complete reversal, this is -- this is done, and

4 a judgment is immediately entered without further work on any

5 side or burdening the Court.

6     To your point, there is a situation that could certainly

7 come down that would be part of a remand, and we would have to

8 deal with it at that time.  I'm not sure that dismissal without

9 prejudice would really change that because I would imagine from

10 my colleague's standpoint, although I won't speak for him, that

11 if there was some sort of, you know, remand that left open the

12 possibility that these patents were valid, that they would

13 reassert those against us and we'd be, you know, jumping back

14 into things here.

15     So we did, you know, I can say from both sides, try to do

16 something by which it would be palatable to the Court.  I can

17 certainly understand the Court's perspective here, and I'm just

18 not sure the best route forward.  I mean, we're, of course,

19 willing to speak more with plaintiffs, but the last thing we

20 wanted to do was burden you, and I think having the Delaware

21 decision out there, trial, you know, could be unnecessarily

22 costly and time-consuming in light of that decision.  But,

23 again, that's just from my perspective.

24         THE COURT:  Have you filed your briefs in the Federal

25 Circuit?

1          MR. TRAINOR:  No.  We've noticed the appeal.  Our

2   brief is not due.  I believe we just got an extension.  It was

3   supposed to be due July 6, your Honor, and I think the briefing

4   schedule's been moved two weeks for all parties, if I'm not

5   mistaken.

6          THE COURT:  Okay.  So your arrangement does not

7   satisfy the Court's obligations to move this forward.  It's

8   inconsistent with Rule 1.  It may be a long time before you get

9   a decision, and you -- and it is quite possible that a remand

10  will be ordered.  It's not like it's some remote possibility.

11  It's actually something that could happen easily.  You need

12  more testimony, you don't have evidence on this point, all

13  sorts of things.  So then instead of resolving this case, and

14  nobody forced anybody to bring this case in the District of

15  Vermont, we sit and wait, which isn't the worst thing in the

16  world, but it is a case that's pending with no activity, and we

17  report it to the Circuit.

18      So I -- looking back, I probably shouldn't have canceled

19  our prior trial dates, and I am not going to be canceling these

20  trial dates.  If you have inconsistent decisions, then you can

21  add them to the appeal, but you have at this point not even

22  filed your briefs, and we're going to be on July 19, 20, and

23  21.

24      So if the Court renders a timely decision, you probably

25  will be able to supplement whatever you have before the Federal

1 Circuit prior to oral argument, and I will try to get you a

2 timely decision.  But something that basically delays the case

3 until some uncertain point, an uncertain outcome in the future,

4 is inconsistent with Rule 1.

5          MR. TRAINOR:  Understood, your Honor.

6          THE COURT:  Okay?  So our --

7          MR. SODERSTROM:  Understood, your Honor.

8          THE COURT:  -- dates are on, and you can tell your

9 clients that that will be fodder for your settlement

10 negotiations.  There's nothing like a trial date that seems to

11 bring people to the table.  If you can't resolve it, we will go

12 forward on those dates.

13          MR. TRAINOR:  Understood, your Honor.

14          THE COURT:  All right.  Anything further in this

15 matter?

16          MR. TRAINOR:  No, your Honor.

17          THE COURT:  All right.

18          MR. SODERSTROM:  Not from the defendant, your Honor.

19          THE COURT:  All right.  You're free to leave the Zoom

20 call.

21      (Court was in recess at 2:42 PM.)

22

23

24

25

1                     C E R T I F I C A T I O N

2        I certify that the foregoing is a correct transcript from

3   the record of proceedings in the above-entitled matter.

4
                         Johanna Masse      Digitally signed by Johanna Masse
5   July 9, 2021                            Date: 2021.07.09 15:41:06 -04'00'
                            _____
6                              Johanna Massé, RMR, CRR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit 2

```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

UCB, INC., UCB PHARMA GMBH, and      )      CIVIL ACTION NO.
LTS LOHMANN THERAPIE-SYSTEME AG,     )      2:19-cv-128
               Plaintiffs,           )
                                     )
          vs.                        )
                                     )
MYLAN TECHNOLOGIES, INC.,            )
               Defendant.            )
```

```
                         STATUS CONFERENCE
                       Monday, June 7, 2021
                        Burlington, Vermont
```

BEFORE:

    THE HONORABLE CHRISTINA C. REISS,
    District Judge

APPEARANCES (VIA VIDEOCONFERENCE):

JAMES TRAINOR, ESQ., KEVIN X. McGANN, ESQ., and SILVIA M.
    MEDINA, ESQ., Fenwick & West LLP, 902 Broadway, Suite 14,
    New York, NY 10010-6035, Counsel for the Plaintiffs

RITCHIE E. BERGER, ESQ., Dinse P.C., 209 Battery Street, P. O.
    Box 988, Burlington, VT 05402-0988, Counsel for the
    Plaintiffs

(Continued)

Johanna Massé, RMR, CRR<br>
Official Court Reporter<br>
P. O. Box 5852<br>
Burlington, VT 05402<br>
802-951-8102 | 802transcripts@gmail.com

```
 1  APPEARANCES (VIA VIDEOCONFERENCE) (CONTINUED):

 2  DEEPRO R. MUKERJEE, ESQ., (VIA TELEPHONE) and LANCE A.
         SODERSTROM, Katten Muchin Rosenman LLP, 575 Madison
 3       Avenue, New York, NY 10022-2585, Counsel for the Defendant

 4  MICHAEL F. HANLEY, ESQ., Plante & Hanley, P.C., 82 Fogg Farm
         Road, P. O. Box 368, White River Junction, VT 05001-0368,
 5       Counsel for the Defendant

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 Monday, June 7, 2021

2      (The following was held via videoconference at 2:06 PM.)

3           COURTROOM DEPUTY:  Your Honor, the matter before the

4 Court is civil case number 19-CV-128, UCB, Incorporated, *et al.*

5 vs. Mylan Technologies, Incorporated.  Present via

6 videoconference for the plaintiffs are James Trainor, Kevin

7 McGann, Ritchie Berger, and Silvia Medina; present for the

8 plaintiff *[sic]* via videoconference are Deepro Mukerjee, Lance

9 Soderstrom, Michael Hanley, and I believe that is it; and we

10 are here for a status conference.  Thank you.

11           THE COURT:  Good afternoon.  The parties asked the

12 Court to schedule this so you could advise the Court of Plan B,

13 and so we are here, and I will start with whoever has been

14 designated to present Plan B.

15           MR. MUKERJEE:  Your Honor, this is Deepro Mukerjee on

16 behalf of Mylan.

17      And I apologize that I am on telephone.  I was trying to

18 get on video, but for some reason I could not hear the Court or

19 the other parties, so I apologize for that.

20      Your Honor, would it be all right to just present what we

21 think might be a viable Plan B?

22           THE COURT:  Sure.

23           MR. MUKERJEE:  Okay.  So, your Honor, we obviously

24 took to heart the comments made in the last conference, and we

25 understand the need for finality, and to that end, you know,

1 Mr. Trainor and I have spoken several times after the

2 conference before the Court, and we have a proposal that we

3 would like to submit before you, and we just wanted to inform

4 the Court of it before we did so in case there were any issues

5 that the Court foresaw right from the get-go.  But I think the

6 parties are in agreement that in light of Judge Jordan's

7 decision, we can enter into a stipulation of dismissal with

8 prejudice with respect to the '174 patent.  That's the patent

9 that was not at issue before Judge Jordan but is closely

10 related to the '589 patent, and there would be a stipulation of

11 dismissal with prejudice with respect to that patent.

12        And then with respect to the '589 patent, your Honor, the

13 one that actually was adjudicated by Judge Jordan and for which

14 there was a finding, the parties have agreed, with your Honor's

15 indulgence, to enter into a consent judgment of invalidity,

16 which, you know, is in line with Judge Jordan's decision, or

17 based on collateral estoppel, whatever your Honor prefers, but

18 that way there is a final judgment in this case that disposes

19 of the '589 patent, there is a full stipulation of dismissal

20 with prejudice with respect to the '174 patent, and then the

21 judgment, obviously, would be subject to appeal, and then it's

22 incumbent on the parties to consolidate the potential appeal,

23 perhaps even our appeal is stayed in light of the Teva appeal,

24 but at least it gives the finality for your Honor and this

25 court.

1        And so before submitting papers to that effect, we wanted

2   to just alert the Court.  Obviously if there are any concerns,

3   we're mindful of that and, you know, are grateful for the

4   opportunity to discuss that with your Honor.

5        THE COURT:  So that would certainly meet with my

6   concerns.  I'm not so sure you can appeal a consent judgment.

7   So I leave you to your research on that.

8        MR. MUKERJEE:  So I appreciate -- and that obviously

9   impacts -- this is Deepro Mukerjee, your Honor.

10       That obviously impacts me more than it does the

11  plaintiffs.  I think what you will see, your Honor, in the

12  proposed draft papers is a -- an adoption of the findings that

13  Judge Jordan did, and ultimately it's a judgment based on

14  essentially collateral estoppel.

15       You are right to raise the concerns as, obviously, you've

16  noted.  I think we should be okay, but again, we are mindful of

17  whatever your preference is, and believe me, we took the

18  comments you made last time to heart, and I am grateful -- I'll

19  say this on the record:  I'm grateful to Mr. Trainor for

20  working with me to try to find a viable solution.

21       THE COURT:  All right.  Let's hear from Mr. Trainor.

22       MR. TRAINOR:  Good afternoon, your Honor.  Thanks very

23  much for hearing us out of turn or on an expedited basis.

24       I don't have much to add to that.  I think obviously both

25  parties had their reasons for hoping to resolve things when we

1 had last presented them, but hearing your concerns, you know,

2 we went to work to try to find that solution.

3      I -- what I had communicated to -- to Mr. Mukerjee was

4 along the lines of the same issue, which is if there's a

5 judgment entered here, you know, what is the record that goes

6 up on appeal?  And that is where we sort of came up with

7 adopting the findings of fact and conclusions of law that were

8 entered as part of the judgment in the Delaware decision.  So I

9 think the parties could work together to assure that that's

10 legally permissible.

11      Whether we call it a consent judgment or a judgment on the

12 basis of collateral estoppel, I don't know if your Honor would

13 want all that briefed or what have you, but we could apprise

14 the Court as to what we found, and the simplest thing might be

15 just to -- you know, as we currently stand is to agree to that

16 sort of process.  That way the appeal can be taken in step with

17 the appeal being taken in the parallel dispute.

18           THE COURT:  So my concerns are satisfied.  I don't

19 need to tell you how to do your business.  I would characterize

20 it as a stipulation to judgment and consolidated appeal as

21 opposed to a consent judgment.  So -- because if I was on an

22 appellate court and I saw "consent judgment," I would say to

23 myself, "Why are we doing this?"  But that's your research.

24 I'm just telling you that's the first thought that came into my

25 mind.

1        That is consistent with why we postponed the trial, which

2   was, "Judge, this is going to be taken care of by the Delaware

3   action."  So I don't have any problem with that, and you can

4   file it when you're ready.  We'll take the trial dates off as

5   soon as it's filed.

6        MR. MUKERJEE:  Your Honor, this is Deepro Mukerjee.

7        Thank you for that.  And this is why we are appreciative

8   of your -- your experience.  I think -- I think that should

9   work.  Obviously Mr. Trainor and I will work on the logistics

10  of that.  But your point is well taken in that both Mr. Trainor

11  and I talked about the fact that even if it was a consent

12  judgment, that we would be looking into potentially

13  consolidating the appeals, potentially even staying, you know,

14  one of the appeals, because ultimately whatever happens in the

15  Teva action is going to be determinative, and so I think the --

16  the approach that your Honor proposes is even further

17  streamlined from that.  So I personally appreciate that, and I

18  will work with Mr. Trainor and we will submit papers to you as

19  soon as possible.

20       THE COURT:  Okay.  That sounds like a plan.  I have to

21  tell you that you are some of the most polite litigants I've

22  had in a long time, which is quite refreshing, and the deputy

23  clerk told me when we were coming into the courtroom how nice

24  you are and how fun you are, and I was like, "Wow, fun?"  So

25  it's nice --

1          MR. MUKERJEE:  Your Honor -- your Honor, this is

2  Deepro Mukerjee.

3      All I'm going to ask you is to remember that the next

4  time.

5          THE COURT:  Oh, I will.  Okay.  You're all free to

6  leave the telephone call unless there's anything further.

7          MR. MUKERJEE:  Your Honor, just one thing, then.  So

8  is it -- would it be all right if we submit -- so what is the

9  preferred way?  Should we submit draft papers via e-mail so

10 that it's not in the docket such that your Honor has the

11 opportunity to review it, or would your Honor rather just we

12 submit it in the docket under the ECF and we take the course as

13 is?

14         THE COURT:  So my purposes are satisfied by what you

15 told me in the first instance were going to be the

16 dispositions.  So my case will be over.

17         MR. MUKERJEE:  Okay.

18         THE COURT:  It's -- and I am not here to tell you how

19 to do it, although I certainly dipped my toe into that pond.

20 That satisfies me.  So you don't need to show me drafts.

21         MR. MUKERJEE:  Okay.

22         THE COURT:  Do proofread so that "plaintiffs" don't go

23 from plural to singular, because I do have to sign it.

24         MR. MUKERJEE:  Um-hum.

25         THE COURT:  But other than that, it sounds fine.

1          MR. MUKERJEE:  Okay.  All right.  Then, your Honor, I

2  will work with Mr. Trainor and his team and my team will work

3  with them, we'll coordinate, we'll have papers submitted that

4  are approved by both our respective clients, and we'll await

5  your Honor's order.  Or if we need to get back on with the

6  Court to the extent the Court is available, we will do so.

7          THE COURT:  Okay.  Anything further from anyone else?

8          MR. TRAINOR:  Not from the plaintiffs, your Honor.

9          MR. MUKERJEE:  For me?  Yeah.  This is Mr. Mukerjee,

10  your Honor.

11      Thank you again for accommodating us.  And we appreciate

12  it.

13          THE COURT:  All right.  You are all free to leave the

14  Zoom call.  Thank you.

15      (Court was in recess at 2:17 PM.)

16

17

18                   C E R T I F I C A T I O N

19      I certify that the foregoing is a correct transcript from

20  the record of proceedings in the above-entitled matter.

21

22

23  July 9, 2021          Johanna Masse          Digitally signed by Johanna Masse
                                                  Date: 2021.07.09 15:38:56 -04'00'
                          _____
                          Johanna Massé, RMR, CRR

24

25