IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UCB, INC., UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG, | ) ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 19-128 (CR) |
| v. | ) ) |
| MYLAN TECHNOLOGIES, INC., | ) ) |
| Defendant. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME OR TO RECOGNIZE PRIOR FILING AS NOTICE OF APPEAL**

## I. INTRODUCTION

The purpose of a notice of appeal "is to ensure that the filing provides sufficient notice to other parties and the courts [of the litigant's intent to seek appellate review]." *Smith v. Barry*, 504 U.S. 244, 248 (1992). Here, there is no dispute that from the day the June 8, 2021 Judgment and Stipulated Dismissal (Doc. 138) was entered Mylan (and the Court) knew that Plaintiffs would appeal. This was the entire purpose of the stipulated judgment—to consolidate its appeal with the already pending appeal. Mylan does not and cannot argue otherwise. Instead, it ignores the reality that Federal Rule of Appellate Procedure 3(c)(1) has been met in its hopes to capitalize on what should be an inconsequential technicality in this case.

Plaintiffs have requested a one-day extension to file their formal notice of appeal of the judgment, or for a formal recognition that the notice of appeal has been filed as of the date of entry of the judgment because: (1) the notice of appeal of the sole decision relied upon in the judgment was incorporated by reference; or (2) the proposed judgment, which was stipulated to by the parties and filed by Plaintiffs *in this case* (Doc. 137), constituted the functional equivalent of a notice of appeal that became effective as of the date *this Court* entered judgment (Doc. 138). *See* Doc. 142 at 7-8. Mylan's response to Plaintiffs' motion (Doc. 144) fails to address this second point—that the stipulated judgment *filed in this case*, not anything filed in Delaware, itself provided sufficient notice to constitute the functional equivalent of a notice of appeal. Under the circumstances, the parties' stipulated judgment *filed in this case* leaves no genuine doubt that Plaintiffs satisfied the requirements for a notice of appeal by demonstrating they intended to appeal the judgment, as well as identifying the order appealed from and the Court to which an appeal would be taken. Plaintiffs' motion can be granted on that basis alone.

To the extent the Court reaches the request for an extension, Mylan's response fails to take into account the unusual circumstances of the disposition of this case in relation to the

2

Delaware Action and the reasonable misunderstanding regarding whether the stipulation triggered another formal notice of appeal deadline. Mylan would read no neglect to be "excusable" under Rule 4(a), despite the standard of "excusable neglect," by reading the Second Circuit to have effectively shorn three of the four factors from the Supreme Court test articulated in *Pioneer*, and to have collapsed the test into a single assessment of whether the movant was at fault—a reading rejected in *Pioneer* itself. The Second Circuit did no such thing. Accordingly, the Court may grant Plaintiffs' requested extension in its discretion.

## II. ARGUMENT

### A. The Stipulated Judgment Filed by Plaintiffs Constituted the Functional Equivalent of a Notice of Appeal

Mylan's Opposition failed to address Plaintiffs' assertion that the stipulated judgment filed by the parties and entered by the Court itself constituted the functional equivalent of a notice of appeal under Rule 3 of the Federal Rules of Appellate Procedure. *See* Doc. 142 at 7-8 (stating that the stipulated judgment filed with this Court meets the requirements for functional equivalence); *compare to* Doc. 144 at (claiming that Plaintiffs did not file anything in this Court). Nothing requires that a notice of appeal, or its functional equivalent, be filed after the final judgment. Indeed, as Mylan recognizes, Federal Rule of Appellate Procedure 4(a)(2) expressly contemplates an earlier-filed notice of appeal and treats the notice as effective as of the date of the final judgment (Doc. 144 at 10). That is exactly what happened in this case. The stipulation the parties submitted became effective as a notice of appeal when the Court entered that stipulation and judgment (Doc. 138) the same day.

As the Second Circuit has recognized: "An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." *Haugen v. Nassau County Dept. of Social Services*, 171 F.3d

3

136, 138 (2d Cir. 1999) (quoting Fed. R. App. P. 3). "Indeed, the court may honor any document that serves the 'functional equivalent' of a notice of appeal." *Id.* (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992)). "[I]ntent to appeal may be inferred" and "[u]nder the circumstances, … there could be no genuine doubt as to [Plaintiffs'] intent to appeal" this Court's judgment. *U.S. v. Outen*, 286 F.3d 622, 633 (2d Cir. 2002) (recognizing that "inference [of intent to appeal is] no less valid" in a non-*pro se* case and holding letter questioning how to proceed with an appeal was sufficient). The judgment depended entirely on the District of Delaware decision, judgment, and record, which the stipulated judgment in this case expressly recognized were already subject to appeal. Moreover, Mylan admits that Plaintiffs' intent to appeal was clear from the stipulation and judgment. *See* Doc. 144 at 1; *see also Spectra Commcns. Grp., LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1118 (8th Cir. 2015) (relying on party's statement that it "expressly reserved its right to appeal" in deciding intent to appeal was apparent).

In *Haugen*, the Second Circuit concluded that a letter filed by defendants satisfied the requirements under Federal Rule of Appellate Procedure 3 for an effective notice of appeal. 171 F.3d at 138. The letter "state[d] a definite intention to appeal the judgment of the district court, and to bring that appeal to [the Second Circuit]," and even though the letter was written on behalf of one defendant, the court found that nothing in the record indicated that one defendant's interests were any different from another defendant seeking to join the appeal. *Id.* Similarly, in *Dura Systems, Inc. v. Rothbury Investments, Ltd.*, a Consent Order entered by the court granting a stay of the district court judgment pending appeal was held to constitute the functional equivalent of a notice of appeal. 886 F.2d 551, 554-55 (3d Cir. 1989); *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 156 (3d Cir. 1998) (finding two documents, including one filed before final judgment, that "indicated an intention to appeal" as "the functional equivalent of a *de jure*

notice of appeal"); *Alabama Aircraft Indus., Inc.-Birmingham v. United States*, No. 2009-5021, 2009 WL 1939156, at *1 (Fed. Cir. 2009) (accepting U.S. government's appellate brief as functional equivalent of notice of appeal).

Mylan does not challenge that the stipulated judgment: (1) identifies the parties appealing; (2) identifies the judgment or order appealed from; and (3) effectively identifies the Court of Appeals for the Federal Circuit as the appeals court by virtue of this being a patent case (28 U.S.C. § 1295) and by expressly referencing the appealed judgment in the Delaware Action for which a notice of appeal identifying the Federal Circuit was timely filed (*See* Doc. 142 at 6-7). Mylan likely did not challenge these conclusions because, to its credit, it cannot argue in good faith that it did not have notice of Plaintiffs' intent to appeal the judgment in this case. Thus, the stipulated judgment filed in this action should be recognized as the functional equivalent of a notice of appeal. Notwithstanding Mylan's purported "sympathy" for Plaintiffs in failing to file a formal notice of appeal, "[w]hen the defect in the notice of appeal 'did not mislead or prejudice' the appellee, and when the appellant's intention to appeal the order in question 'was manifest,' the Supreme Court has held that the 'inept[ness]' of the notice should not defeat the appellant's right to appeal." *Intercargo Ins. Co. v. U.S.*, 83 F.3d 391, 395 (Fed. Cir. 1996) (quoting *Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."); 83 F.3d at 395 ("Defects in the wording of the notice of appeal are generally overlooked if the true intentions of the appellant can fairly be ascertained, if the courts have not been misled, and if the other parties have suffered no prejudice." (quoting 16 Charles Alan Wright, et al., *Federal Practice & Procedure* § 3949, at 469 (1995 Supp.)).

5

Further supporting functional equivalence, and simultaneously contributing to the misunderstanding in calendaring here, the stipulated judgment refers to the appeal of the Delaware judgment that was incorporated into this Court's judgment (Doc. 138 at 2). Because Plaintiffs had already filed a notice of appeal of the incorporated decision in the Delaware Action (Doc. 142-1, Ex. A at D.I. 200), the reference to such appeal both provided notice of the previously filed notice of appeal and led to the plausible understanding by Mr. Campion that nothing needed to be calendared in light of the stipulated nature of the dismissal and judgment and also Fed. R. Civ. P. 4(a)(2) (notice of appeal filed between date of decision and entry of judgment deemed filed as of the date of the judgment); *see also* D.I. 142-2, Ex. 2, Tr. of June 7, 2021 Status Conference at 18:21 (THE COURT: "I would characterize it as a stipulation to judgment and consolidated appeal as opposed to a consent judgment."). Moreover, since the judgment in this case adopted the judgment from the Delaware Action, if the judgment in the Delaware Action is overturned by the Federal Circuit on appeal how could the judgment in this case stand?

Because the stipulated judgment that the parties filed was functionally equivalent to a notice of appeal and became effective as soon as the Court entered judgment, Plaintiffs timely filed a notice of appeal in this case and no extension is required to recognize that notice.

### B. If the Court Does Not Find a Timely Notice of Appeal, It Should Grant the Motion for Extension Time

Although Plaintiffs have established that they filed a timely notice of appeal in this case, in the alternative the Court should grant Plaintiffs' request for a one-day extension under the particular circumstances presented here. As noted above, the individual in charge of docketing the notice of appeal deadline understood that the stipulated judgment and dismissal in this Court incorporating the already appealed decision in the Delaware Action required no further action.

Doc. 142-1 at ¶ 7.  A notice of appeal was filed in the Delaware Action following the decision that was the sole basis for this Court's entry of final judgment.  Therefore, a plausible reading of Federal Rule of Appellate Procedure 4(a)(2) is that the notice of appeal referenced in the judgment in this case was incorporated by stipulation and that no further action was needed.  Fed. R. App. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.")  The disposition of this case is unusual in that it incorporated in its entirety the decision, judgment, and record of another district court.  Under the particular circumstances here, to the extent this reading is mistaken, this Court should hold it excusable and the motion for extension of time granted because application of the relevant rules was not "entirely clear," unlike in the decisions relied upon by Mylan.  *Cf. Alexander v. Saul*, No.19-3370, 2021 WL 2832889, at *7 (2d Cir. July 8, 2021); *see also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) ("For example, neglect may be excusable where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules.").

     Mylan's interpretation of Second Circuit law goes too far.  Mylan's analysis suggests that the Second Circuit essentially disregarded *Pioneer* and would permit the court to ignore three of the four *Pioneer* factors.  *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993) (listing the factors).  The Second Circuit did not do so.  Although the third *Pioneer* factor is given the most weight, the Court is not free to ignore factors one, two, and four.  To read the Second Circuit to have dispensed with three of four factors misunderstands its holdings (and would misapply the Supreme Court's decision in *Pioneer*).  Nor does Mylan's position hold together as a matter of simple logic.  To the extent Mylan claims that *Alexander*

7

and other decisions reason that the excusable neglect standard (as opposed to good cause) applies in situations where there is some fault of the movant, and then condones ruling against the movant on the sole basis that there was some fault, the test itself would be superfluous. Although Mylan may favor such a legal Catch-22 here, it is on its face contrary to *Pioneer*. 507 U.S. at 395 n.14 (rejecting the decisions by Courts of Appeals that "erect[] a rigid barrier against late filings attributable in any degree to the movant's negligence…. [S]uch a construction is irreconcilable with our cases assigning a more flexible meaning to 'excusable neglect.'"). In *Pioneer*, the Supreme Court recognized that the "determination [of excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[1]  *Id.* at 395; *see also Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 331 (3d Cir. 2012) ("To state it differently, the 'control' factor does not necessarily trump all the other relevant factors…. Therefore, while prejudice to the opposing party, disruption of efficient judicial administration, and bad faith are frequently absent, the mere fact that 'those factors may nearly always favor' the moving party does not mean that they can be ignored." (quoting *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004)); *see also Roberts v. Roberts*, C.A. No. 2:18-91 (CR), 2019 U.S. Dist. LEXIS 59465, at *12-13 (D. Vt. Mar. 26, 2019) (addressing prejudice and good faith in finding one-day delay in filing notice of appeal was excusable neglect) (attached hereto as Exhibit 1).

---

[1] Mylan's reliance on *Bowles v. Russell*, 551 U.S. 205 (2007) to suggest the analysis is not an equitable one is wrong (Doc. 144 at 7). *Bowles* did not address the "excusable neglect" standard applicable to motions for extension of time filed not later than 30 days after the expiration of the time otherwise set for bringing the appeal, but rather the statutory 14-day limit in which a notice of appeal must be filed after granting a motion to reopen the period during which a party could file a notice of appeal. *Id.* at 207.  Unlike the situation here, there is no procedure in the statute for seeking an extension under the latter circumstances.

In *Ragguette*, relied upon by Mylan (Doc. 144 at 8), the Third Circuit recognized that it "interprets Rule 4(a)(5) to require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as a result of some minor neglect, compliance was not achieved." 691 F.3d 315, 326 (citation omitted). That describes the present situation precisely. Indeed, a subsequent decision applying the rule but distinguishing the factual scenario in *Ragguette* presented facts similar to those here and found excusable neglect. *See Century III Mall PA., LLC v. Sears Roebuck & Co.*, 758 Fed. App'x 242, 245-46 (3d Cir. 2018) (explaining that the notice of appeal was filed two days after the deadline due to a mistake in communication and misunderstanding of what was to trigger filing notice of appeal, counsel's error was not a result of professional incompetence and not ignorant of the rules of procedure, and counsel communicated with opposing counsel via telephone and email regarding the untimely notice of appeal and unsuccessfully sought to reach agreement regarding an extension); *see* Doc. 142-2, Trainor Decl. ¶¶ 6-7; Doc. 142-1, Campion Decl. ¶¶ 6-8.

\* \* \*

Mylan is notably incorrect that the "notice of appeal filed in a different suit . . . in a different jurisdiction[, Delaware,] . . . involve[ed] a *different judgment*"; and it is also incorrect that Plaintiffs failed "to file *something* in th[is] district court that purports to or *could be construed* as a notice of appeal" Doc. 144 at 6 (emphasis ("something") in original, emphases otherwise added). In granting Plaintiffs' motion for extension, moreover, the Court would not in any way be "condoning and even rewarding otherwise avoidable mistakes" *Id.* at 8. It would instead be acknowledging that a one-day delay was a result of excusable neglect under the

9

particular circumstances presented here; namely: (1) *Pioneer* factors one, two, and four heavily favor granting the extension; (2) the non-movant clearly had notice of Plaintiffs' intent to appeal; (3) the judgment at issue was a stipulated judgment that incorporated and relied on the decision and judgment of another district court; (4) the judgment and decision relied upon were already subject to a notice of appeal; and (5) a plausible interpretation of the rules and nature of the stipulation suggested to the individual in charge of calendaring the appeal deadline that the already-filed notice of appeal was applicable and no further action was required.  The district court should be given great deference in deciding to grant the extension.  *See Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 683 (9th Cir. 2009) (applying *Pioneer* and finding failure to calendar based in part on a mistake within appellant's control was excusable neglect: "The district court is simply 'in a better position than we are to evaluate factors such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers…, and the likelihood of injustice if the appeal was not allowed.").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deem the stipulated judgment filed by Plaintiffs and subsequently entered by the Court to constitute the functional equivalent of a timely filed notice of appeal effective as of the date the Court entered judgment in this case (June 8, 2021), and direct the Clerk to process Plaintiffs' appeal accordingly.  If the Court is not inclined to so find, Plaintiffs respectfully request the entry of a one-day extension such that the notice of appeal filed on July 9, 2021 will be deemed timely filed.

Dated: July 27, 2021                                    By:  */s/ Ritchie E. Berger*
                                                                        Ritchie E. Berger

Kendall A. Hoechst
DINSE P.C.
209 Battery Street, P.O. Box 988
Burlington, VT 05401
(802) 864-5751
rberger@dinse.com
khoechst@dinse.com

James S. Trainor, Jr.
Kevin X. McGann
Catherine H. McCord
Silvia M. Medina
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
(212) 430-2600

Jack B. Blumenfeld
Derek J. Fahnestock
Anthony D. Raucci
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

*Counsel for Plaintiffs*
*UCB, INC., UCB PHARMA GMBH, and LTS LOHMANN THERAPIE-SYSTEME AG*